## L. L. PEARSON v. W. J. MILLER.

EXEMPT PROPERTY. *"Householder, having a family."* Code 1880, § 1249.

> Defendant, an unmarried man, occupying alone the back room of his law-office as a sleeping apartment, taking his meals at a hotel, who provides a servant for and supports an aged and dependent grandfather, with the servant, living in a house owned by defendant, some hundred feet from his office, the meals for the two being furnished from a restaurant, is not entitled to the exemption of personal property allowed by § 1249, code 1880, to a "householder having a family."

FROM the circuit court of the second district of Panola county.

HON. EUGENE JOHNSON, Judge.

Appellant, Pearson, an unmarried man and practicing lawyer, residing in the town of Batesville, Miss., occupied alone the back room of his law-office as a sleeping apartment, taking his meals at a hotel. He owned a house and lot about one hundred and twenty-five feet from his office, occupied by his aged and dependent grandfather, whom he supported. He was in the habit of visiting his grandfather every day to look after his wants, and had full control of the household affairs.

A judgment for $30 was recovered against said Pearson in a justice court, and, under execution issued thereon, an iron safe in his office was levied upon and sold by the appellee, Miller, sheriff. At the time of the levy appellant, claiming to be a householder and having a family, notified the sheriff that the safe was exempt from execution under § 1249, code 1880. This action was brought by him in the justice court against the sheriff, seeking to recover damages for the alleged wrong in the seizure and sale of said property so claimed as exempt. A jury was waived in the circuit court, where the case was taken by appeal, and the issue was tried by the

court, a judgment being rendered in favor of the defendant, from which the plaintiff appeals.

Section 1249, code 1880, is as follows: " Every person being a householder and having a family, residing in any city, town or village, shall be entitled to hold, exempt from seizure or sale under any execution, . . . personal property to be selected by him, not to exceed in value $250," etc.

The only question involved is whether the appellant was a householder having a family, so as to entitle him to claim the property as exempt. The opinion contains a further statement of the case.

*Stone & Lowrey*, for appellant.

If appellant was a householder having a family, he was, under § 1249, code 1880, entitled to claim the property as exempt, and under § 1247 of the code the sheriff was liable in damages for seizing the same. Appellant had an aged and dependent grandfather, and was by law required to support him. Code 1880, § 635. He did this, and therefore he had a family. Thompson on Homesteads & Exemptions, 49; 9 Am. & Eng. Enc. L., 804, 806.

The house belonged to appellant, and he had control of the household affairs. While he did not eat there, yet he had complete control, and this constituted him a householder. It cannot be said that the grandfather was the householder, or that the servant was. Clearly there was a householder, and it must have been appellant. *Nelson* v. *State*, 57 Miss., 286.

*W. D. Miller*, for appellee.

To entitle appellant to the exemption under the statute, it was necessary that he should be a householder *and* the head of a family. The statute contemplates that the parties should live together as a family. It is not the design of the statute to protect the property of a debtor voluntarily assuming the maintenance of some poor person not living with him.

In the absence of an order of the board of supervisors, there was no obligation on the part of appellant to support his grandfather. Code 1880, § 632.

Under the facts disclosed by the record, the appellant was not entitled to the exemption. *Hill* v. *Franklin*, 54 Miss., 632; 57 *Ib.*, 286, 425; 61 Am. Dec., 587; 77 *Ib.*, 136; 17 Am. St. R., 850; 2 So. R., 272.

Argued orally by *P. H. Lowrey*, for appellant.

WOODS, J., delivered the opinion of the court.

A householder may be said to be a person owning or holding and occupying a house; and a family may be defined to be a collection of persons living together under one head. A householder having a family may be characterized as the head of a family occupying a house and living together in one domestic establishment. He need not be a husband or a father, nor need the family over which he has headship and control be kept together as a unit continuously. The education of children, the illness of any member of the family requiring change of climate, or mere absence, however protracted, if only temporary, for pleasure or recreation, will not, of course, dissolve the family relationship or break up the household.

Applying these definitions, and their obvious limitations, to the facts contained in the record of the case at bar, it seems clear to us that the appellant is not a householder having a family. He holds and occupies, as an office and sleeping apartment, one house; his grandfather occupies another and distinct dwelling. The appellant owns this dwelling so occupied by the grandfather, and the grandfather owns its furnishings and furniture. The appellant employs the servant who lives with and cares for the grandfather, and supplies the table of the grandfather from a restaurant. The parties do not live together under the headship of the appellant as a collection of persons in one family; they occupy

different houses; they take their meals at separate places, and there is only the pleasing and natural care and attention bestowed upon the ancestor by the descendant which instinct and honor prompt to.    It is the case of the kind and thoughtful offspring providing for the temporal wants of the aged and dependent progenitor in furnishing him a comfortable abode with table comforts, but it is nothing more.    The appellant is not a householder having a family dwelling in one domestic establishment, of which he has the headship and government.

*Affirmed.*